NO. 07-03-0126-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 17, 2005


______________________________



ERIC ZUNIGA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438,174; HON. JIM BOB DARNELL, PRESIDING


_______________________________





Memorandum Opinion


________________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Eric Zuniga appeals his conviction for delivering a controlled substance. 
The conviction was founded upon his open plea of guilty. According to the record,
sentence was imposed, in open court, on December 20, 2002. His sole issue deals with
the effectiveness of his trial counsel. We affirm the judgment.

 Appellant contends that his trial counsel denied him effective assistance of counsel
because he failed to 1) inform him of his right not to testify at the punishment hearing and
2) subpoena additional witnesses. As to the former allegations, the record contains a
document signed by appellant and entitled "Written Admonishments on Open Plea . . . ." 
Therein appears a statement expressly informing appellant of his "right not to be compelled
to testify against himself at his trial." Moreover, this document's existence was brought to
the trial court's attention at the hearing on appellant's motion for new trial. Given this, the
trial court had before it more than ample evidence upon which to reject appellant's claim
about being uninformed of the right in question. 

 As to the matter of subpoenaing additional witnesses, appellant admitted that he and
his trial attorney actually discussed the possibility of subpoenaing them. However, his
counsel opined that it would appear better if the individuals appeared voluntarily as
opposed to being forced to help appellant. We cannot say that such an opinion was less
than reasonable trial strategy. 

 In sum, we cannot say that appellant carried the burden to prove his claim as
imposed on him by such cases as Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002) and Ladd v. State, 3 S.W.3d 547, 565 (Tex. Crim. App. 1999). Accordingly, we
overrule the issue and affirm the judgment. 


 Per Curiam


Do not publish. 



at appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the
appeal. The name, address, phone number, telefax number, and state bar number of the
new counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before December 23, 2003. Should
additional time be needed to perform these tasks, the trial court may request same on or
before December 23, 2003.

 It is so ordered.

 Per Curiam

Do not publish.